## SETTLEMENT AGREEMENT

The "Parties to this "Agreement" are on the one hand, Francisco Quinones ("Releasor") and on the other Five Stars of Brooklyn Incorporated; Five Stars of Brooklyn III Incorporated; Five Stars of Brooklyn IV Inc.; Five Stars of Brooklyn V Inc.; Five Stars of Brooklyn VI Inc.; Five Stars of Brooklyn VII Inc.; Five Stars of Brooklyn VIII Inc.; Five Stars of Brooklyn IX Inc.; Five Stars of Brooklyn X Inc.; Metro of Buffalo Inc; Metro of Buffalo II Inc; Metro of Buffalo III Inc; and Morad Marashli (each a "Releasor", and together "Releasees").

WHEREAS, Releasor claims Releasees are liable for, among other things, unpaid minimum wage, overtime premium pay, spread-of-hours pay, liquidated damages, attorneys' fees and costs and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") and its implementing regulations, all of which Releasees have from the outset denied and continue to deny; and,

WHEREAS, the Parties have considered the interests of all concerned are best served by compromise, and have concluded that the terms of this Agreement are fair, reasonable, adequate, and in their mutual best interests; and

WHEREAS, to the extent there may be monies owed to Releasor under the FLSA and/or NYLL, the Parties acknowledge there is a genuine good faith dispute over, among other things, the number of hours worked by Releasor; and

WHEREAS, the Parties have engaged in settlement negotiations and as a result have agreed to settle the issues, matters and things in dispute among them pursuant to the terms of this Agreement; and,

NOW THEREFORE, in consideration of the mutual terms, conditions and covenants herein set forth, the Parties hereto agree as follows:

1.      **Settlement.**  The Parties acknowledge and agree that this Agreement and the consideration provided have been and are made and received solely on the basis of a compromise of disputed claims, and that this Agreement is not, and should not be construed as an admission by Releaseees of any liability or wrongdoing whatsoever, nor is it, nor shall it be construed as an, admission of any act or fact whatsoever, including but not limited to any violation of federal, state, local or common law, statute, ordinance, directive, regulation or order (including executive orders).

*RML 9/13/19*

2.      **Payment to Releasor.**  In return for the good and sufficient consideration set forth herein, the Parties agree to the following:

   a.   Releasees shall pay Releasor $28,500.00. *$18,666.67 will be allocated to plaintiff. $9,833.33 will be allocated to plaintiff's counsel for attorney's fees and costs.*

3.      Releasees shall satisfy the payment obligation set forth above in subsection (a) by delivering to Releasor's counsel, Mohammed Gangat, Esq., 675 3rd Avenue, Suite 1810, New York, NY 10017, via USPS mail with tracking service, or a comparable alternative, the following five installments payments, the first, a check in the amount of $8,500 due on or before June 7, 2019, and each payment thereafter, to be in the amount of $5,000, each made 30 days apart, and the first such paymen to be due on July 1, 2019

4.      **Release and Waiver of Rights and Claims by the Releasor.**  In consideration for the settlement payment set forth above, Releasor hereby completely, irrevocably and unconditionally does release, waive and forever discharge the claims alleged in the Action and any and all claims, charges, complaints, judgments, or liabilities of any kind against Releasees, their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former

owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, accountants, insurers, fiduciaries, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "RELEASEES"), whether known or unknown, arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq., the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, et seq., the New York Labor Law §§230, et seq., the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, all claims for compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, and any claim for attorneys' fees or costs incurred in pursuing such claims against any of the RELEASEES.

5. **No Other Payment Due.** Except as specifically provided in this Agreement, Releasor agrees that he is not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from Releasees for any work he performed for Releasees at any time prior to the signing of this Agreement.

6. **Accord and Satisfaction.** Should any proceeding be instituted by Releasor with respect to matters here settled, released or waived pursuant to the Agreement, other than an action or proceeding to enforce the terms of the Agreement, this Agreement shall be deemed full accord, satisfaction and settlement of any such claim(s) and sufficient basis for immediate dismissal.

7.  **Attorneys' Fee and Costs Provision:** If Releasor files a lawsuit (or court pleading) or arbitration to enforce the terms of the Agreement, and this results in a recovery of damages for Releasor against one or more or all of the Releasees or otherwise results in a finding of liability against the Releasee(s), Releasor shall have the right to collect from Releasee(s), Releasor's reasonable costs and necessary disbursements and attorneys' fees incurred in enforcing the Agreement.

8.  **Entire Agreement.** The Parties represent and acknowledge that they have carefully reviewed each and every word of this Agreement to ensure complete understanding of the Agreement's full effect and that it contains the entire understanding between them and that they are not relying upon any representations or statements, written or oral, made by or on behalf of any Party not set forth herein.

9.  **Waiver and Modification.** This Agreement may not be modified, altered or changed except upon express written consent of the Parties.

10. **Counterparts.** This Agreement may be executed in counterparts and/or by facsimile and remain entirely enforceable.

11. **Use of the Singular.** Whenever used in this Agreement, the singular word shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. This Agreement shall not be interpreted in favor of, or against, either party because of such party having drafted this Agreement.

12. **Governing Law.** This Agreement shall be subject to and governed by the laws of the State of New York.

13. **Severability Clause.** If any term or provision of this Agreement, or the application thereof to any person or circumstance, shall to any extent be found invalid or

unenforceable, the remainder of the Agreement, or the applications of such term or provisions to persons or circumstances other than to those as to which it is invalid or unenforceable, shall not be affected thereby, and each term and provision of this Agreement shall be valid and be enforced to the fullest extent permitted by law; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in Paragraph 3 herein are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Releasor agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable to Releasees.


RML 9/13/19

14. **CONFIDENTIALITY:** ~~This Agreement shall not be filed with any Court, except in the event that it is ordered to be filed by the any of the United States District Courts, or if it is being filed to enforce the same.~~

~~Neither the parties nor their representatives, including counsel of record, other than as required by law, will publicize or disclose to any person or entity (including in a disparaging manner) the facts or circumstances of this dispute, a description of the claims asserted or that could have been asserted in this dispute, the negotiations resulting from the dispute, the agreed upon settlement or settlement consideration, or the terms of this Agreement.~~

~~No disclosure of the terms of this Agreement or description of the claims asserted in the Action will be made to anyone by the parties other than to the parties' legal counsel, financial counsel, accountants, taxing authorities and any other authorities to whom the parties reasonably believe they have an obligation to disclose, unless required by Court order or in order to enforce this agreement.~~

~~Further, notwithstanding anything else to the contrary, the parties agree that this Agreement, and the terms contained herein, may not be disclosed or introduced in any proceeding, except: (a) as~~

~~may be necessary to enforce the terms of the Agreement; (b) as may be required to effect the withdrawal and dismissal of the Action; (c) as may be required of or by the parties in response to any regulatory matter, audit, or other business purposes, including sharing this Agreement with the parties' respective attorneys and accountants, or as may be necessary by a party in connection with their current or future liability insurance, tax filings and/or financial statements; (d) as may be required by court order or judicial process; (e) as may be required by taxing or other authorities to whom the party reasonably believes it has an obligation to disclose; (f) as may be required of the parties to pursue all of their rights or remedies for recovery against any other person, party or entity; and (g) as agreed to in writing by the parties hereto.~~

In Witness Whereof, Releasor and Releasees hereunto set their hands this the _____ day of June 5, 2019

_____  6/12/19
Francisco Quinones            DATE

_____  _____
Morad Marashli                DATE

_____  _____
Five Stars of Brooklyn Incorporated    DATE

By: _____ (Print Name)

regulatory matter, audit, or other business purposes, including sharing this Agreement with the parties' respective attorneys and accountants, or as may be necessary by a party in connection with their current or future liability insurance, tax filings and/or financial statements; (d) as may be required by court order or

16. judicial process; (e) as may be required by taxing or other authorities to whom the party reasonably believes it has an obligation to disclose; (f) as may be required of the parties to pursue all of their rights or remedies for recovery against any other person, party or entity; and (g) as agreed to in writing by the parties hereto.

In Witness Whereof, Releasor and Releasees hereunto set their hands this the 20th day of May __, 2019

_____     _____
Francisco Quinones                                              DATE

_____*M M*_____     __05/20/19____
Morad Marashli                                                    DATE

_____*M M*_____     __05/20/19____
Five Stars of Brooklyn Incorporated                     DATE

By: ___MORAD MARASHLI___ (Print Name)

_____*M M*_____     __05/20/19____
Five Stars of Brooklyn III Incorporated                 DATE

By: ___MORAD MARASHLI___ (Print Name)

_____    05/20/19
Five Stars of Brooklyn IV Incorporated    DATE

By: _MORAD MARASHLI_ (Print Name)

_____    05/20/19
Five Stars of Brooklyn V Incorporated    DATE

By: _MORAD MARASHLI_ (Print Name)

_____    05/20/19
Five Stars of Brooklyn VI Incorporated    DATE

By: _MORAD MARASHLI_ (Print Name)

_____    05/20/19
Five Stars of Brooklyn VII Incorporated    DATE

By: _MORAD MARASHLI_ (Print Name)

_____    05/20/19
Five Stars of Brooklyn VIII Incorporated    DATE

By: _MORAD MARASHLI_ (Print Name)

_____    05/20/19
Five Stars of Brooklyn IX Incorporated    DATE

By: _MORAD MARASHLI_ (Print Name)

_M M_                  05/20/19
Five Stars of Brooklyn X Incorporated    DATE

By:    MORAD MARASHCF    (Print Name)


_M M_                  05/20/19
Metro of Buffalo Inc    DATE

By:    MORASS MARASHCF    (Print Name)


_M M_                  05/20/19
Metro of Buffalo II Inc    DATE

By:    MORAD MALAYLL    (Print Name)


_M M_                  05/20/19
Metro of Buffalo III Inc    DATE

By:    MORAD MARASHCF    (Print Name)